IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 21 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00570-ZLW

THEODORE L. FINLEY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Theodore L. Finley has filed *pro se* on June 12, 2006, a "Motion to Reopen Case #06-cv-00570-BNB." Mr. Finley asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on May 5, 2006. The Court must construe the motion liberally because Mr. Finley is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Finley's motion to reconsider in this action, which was filed more than ten days after

the Court's May 5, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Finley failed to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis* as he had been directed. Mr. Finley does not explain his failure to submit a certified copy of his inmate trust fund account statement in the motion to reconsider. Instead, he simply attaches to the motion a copy of his inmate trust fund account statement and asks the Court to reopen this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Finley fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to vacate the order of dismissal in this action. Even if Mr. Finley could explain his failure to cure the deficiencies in this action in a timely manner, the account statement submitted with the motion to reconsider is not certified by a prison official as required pursuant to 28 U.S.C. § 1915(a)(2). Therefore, the motion to reconsider will be denied. Mr. Finley is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the "Motion to Reopen Case #06-cv-00570-BNB" filed on June 12, 2006, is denied.

DATED at Denver, Colorado, this 20 day of June, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00570-BNB

Theodore L. Finley
Prisoner No. P001449
10900 Smith Rd.
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _6-21-06_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk